FILED
MAY 15 2008
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUSEBIO ALVAREZ, | NO. CV 07-7468-VBF(E) |
| Petitioner, | |
| v. | ORDER ADOPTING FINDINGS, |
| DEBRA DEXTER, Warden, | CONCLUSIONS AND RECOMMENDATIONS |
| Respondent. | OF UNITED STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, all of the records herein and the attached Report and Recommendation of United States Magistrate Judge. The Court approves and adopts the Magistrate Judge's Report and Recommendation. *This Court would note the following case to be considered with US v. Kelm (R+R, page 6): US v Heredia 483 F3d 913, 920 (9th 2007)*

IT IS ORDERED that Judgment be entered denying and dismissing the Petition with prejudice.

///
///
///
///

IT IS FURTHER ORDERED that the Clerk serve copies of this Order, the Magistrate Judge's Report and Recommendation and the Judgment herein by United States mail on Petitioner and counsel for Respondent.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: _____May 14_____, 2008.

_____/s/ Valerie Baker Fairbank_____
VALERIE BAKER FAIRBANK
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUSEBIO ALVAREZ, | CV 07-7468-VBF(E) |
| Petitioner, | |
| v. | REPORT AND RECOMMENDATION OF |
| DEBRA DEXTER, Warden, | UNITED STATES MAGISTRATE JUDGE |
| Respondent. | |

This Report and Recommendation is submitted to the Honorable Valerie Baker Fairbank, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order 05-07 of the United States District Court for the Central District of California.

**PROCEEDINGS**

Petitioner filed a "Petition for Writ of Habeas Corpus By a Person in State Custody" on November 14, 2007. Respondent filed an Answer on January 29, 2008. Petitioner filed a Traverse on February 14, 2008.

**BACKGROUND**

Petitioner attacked his brother with a machete, intending to kill him (Reporter's Transcript ("R.T.") 532-33, 546). The alleged provocation for this attack arose from disputes regarding rent and utilities at a duplex the brothers and their families shared (R.T. 476-505, 515-51). The jury found Petitioner guilty of premeditated attempted murder (R.T. 710-11). The California Court of Appeal affirmed in a reasoned opinion (Lodgment D). The California Supreme Court summarily denied Petitioner's petition for review (Lodgment F).

**SUMMARY OF PETITIONER'S CONTENTIONS**

Petitioner contends:

1. Alleged judicial misconduct assertedly violated Petitioner's constitutional rights;

2. The trial court's refusal to allow cross-examination of the victim regarding whether Petitioner "snapped" assertedly violated Petitioner's constitutional rights;

3. Petitioner's counsel allegedly was ineffective for failing to request CALJIC 8.73 and for failing to request an instruction concerning provocation based on a series of events over a substantial period of time.

///

**STANDARD OF REVIEW**

A federal court may not grant an application for writ of habeas corpus on behalf of a person in state custody with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim: (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d) (as amended); Woodford v. Visciotti, 537 U.S. 19, 24-26 (2002); Early v. Packer, 537 U.S. 3, 8 (2002); Williams v. Taylor, 529 U.S. 362, 405-09 (2000).

"Clearly established Federal law" refers to the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision. Lockyer v. Andrade, 538 U.S. 63 (2003). A state court's decision is "contrary to" clearly established Federal law if: (1) it applies a rule that contradicts governing Supreme Court law; or (2) it "confronts a set of facts . . . materially indistinguishable" from a decision of the Supreme Court but reaches a different result. See Early v. Packer, 537 U.S. at 8 (citation omitted) (quoting Williams v. Taylor, 529 U.S. at 405-06).

Under the "unreasonable application prong" of section 2254(d)(1), a federal court may grant habeas relief "based on the application of a governing legal principle to a set of facts different from those of

the case in which the principle was announced." Lockyer v. Andrade, 538 U.S. at 76 (citation omitted); see also Woodford v. Visciotti, 537 U.S. at 24-26 (state court decision "involves an unreasonable application" of clearly established federal law if it identifies the correct governing Supreme Court law but unreasonably applies the law to the facts). A state court's decision "involves an unreasonable application of [Supreme Court] precedent if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." Williams v. Taylor, 529 U.S. at 407 (citation omitted).

"In order for a federal court to find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous." Wiggins v. Smith, 539 U.S. 510, 520-21 (2003) (citation omitted). "The state court's application must have been 'objectively unreasonable.'" Id. (citation omitted); see also Clark v. Murphy, 331 F.3d 1062, 1068 (9th Cir.), cert. denied, 540 U.S. 968 (2003).

In applying these standards, this Court looks to the last reasoned state court decision. See Davis v. Grigas, 443 F.3d 1155, 1158 (9th Cir. 2006) (citation and quotations omitted). To the extent no such reasoned opinion exists, as where a state court rejected a claim in an unreasoned order, this Court must conduct an independent review to determine whether the decisions were contrary to, or involved an unreasonable application of, "clearly established" Supreme Court precedent. See Delgado v. Lewis, 223 F.3d 976, 982 (9th Cir.

2000).

**DISCUSSION**

For the reasons discussed below,[1] the Petition should be denied and dismissed with prejudice.[2]

I. **Petitioner's Judicial Misconduct Claim Does Not Merit Habeas Relief.**

Petitioner alleges the trial court "continuously interrupted defense counsel during questioning, interjected during closing argument and 'rolled' his eyes while counsel was arguing his case to the jury" (Petition at 5). A review of the trial transcript does not support Petitioner's allegations. Interruptions were occasional, rather than continuous. Most of the interruptions and interjections were perfectly appropriate. None deprived Petitioner of a fair trial. See United States v. Parker, 241 F.3d 1114, 1119 (9th Cir. 2001) (judge's substantial or extreme participation in the proceedings does not deprive the defendant of a fair trial unless the record "discloses

---

[1] The Court assumes, arguendo, Petitioner has not procedurally defaulted any of his claims. See Lambrix v. Singletary, 520 U.S. 518, 523-25 (1997); Franklin v. Johnson, 290 F.3d 1223, 1229, 1232-33 (9th Cir. 2002); see also Barrett v. Acevedo, 169 F.3d 1155, 1162 (8th Cir.), cert. denied, 528 U.S. 846 (1999) ("judicial economy sometimes dictates reaching the merits if the merits are easily resolvable against a petitioner while the procedural bar issues are complicated").

[2] The Court has read, considered and rejected on the merits all of Petitioner's arguments. The Court discusses Petitioner's principal arguments herein.

actual bias" or leaves the reviewing court with an "abiding impression" that the judge's remarks "projected to the jury an appearance of advocacy or partiality") (citations omitted).

The alleged "rolling" of the judge's eyes also did not deprive Petitioner of a fair trial. The court instructed the jury pursuant to CALJIC 17.30, stating:

> I have not intended by anything I have said or done, or by any questions I may have asked, or by any ruling I may have made, to intimate or suggest what you should find to be the facts, or that I believe or disbelieve any witness. If anything I have done or said has seemed to so indicate, you will disregard it and form your own conclusion (R.T. 676).

Such instruction, which the jury is presumed to have followed, cured any alleged failure by the judge to maintain an entirely stoic countenance. See Mott v. Calderon, 2006 WL 3388588 *16-17 (N.D. Cal. Nov. 22, 2006) (judge's smiling countenance during private interchange with complaining witness did not merit habeas relief where the court instructed the jury pursuant to CALJIC 17.30); Johnson v. Bagley, 2006 WL 5388021 *14-15, 22-25 (S.D. Ohio Apr. 24, 2006) (judge's alleged rolling of his eyes during defense cross-examination did not merit habeas relief where the judge instructed the jury not to infer that the court reached any conclusion on factual questions); see also United States Kelm, 827 F.2d 1319, 1323 (9th Cir. 1987) (a trial judge may even comment on the evidence, provided "the judge has made it clear to the jury that all matters of fact are submitted to their

1  determination") (citations and quotations omitted); cf. Liteky v.
2  United States, 510 U.S. 540, 555-56 (1994) ("judicial remarks during
3  the course of a trial that are critical or disapproving of, or even
4  hostile to, counsel, the parties, or their cases, ordinarily do not
5  support a bias or partiality challenge . . . [E]xpressions of
6  impatience, dissatisfaction, annoyance, or even anger" are
7  insufficient).

II. **The Trial Court's Refusal to Permit the Victim to Testify Regarding Whether Petitioner "Snapped" Does Not Merit Habeas Relief.**

"In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 68 (1991). The correctness of state evidentiary rulings presenting only issues of state law is not cognizable on federal habeas corpus review. Id. at 67-68.

In limited circumstances, however, the exclusion of crucial evidence may violate the Constitution. See Holmes v. South Carolina, 547 U.S. 319, 323 (2006) ("[w]hether rooted directly in the Due Process Clause of the Fourteenth Amendment, or in the Compulsory Process or Confrontation clauses of the Sixth Amendment, the Constitution guarantees criminal defendants a meaningful opportunity to present a complete defense") (citations and internal quotations omitted); Chambers v. Mississippi, 410 U.S. 284, 302 (1973); Chia v. Cambra, 360 F.3d 997, 1003 (9th Cir. 2004), cert. denied, 544 U.S. 919

1  (2005); Perry v. Rushen, 713 F.2d 1447, 1452 (9th Cir. 1983), cert.
2  denied, 469 U.S. 838 (1984).

4      A defendant is not denied a fair opportunity to defend himself or
5  herself "whenever a state . . . rule excludes favorable evidence."
6  United States v. Sheffer, 523 U.S. 303, 316 (1998). "While the
7  Constitution . . . prohibits the exclusion of defense evidence under
8  rules that serve no legitimate purpose or that are disproportionate to
9  the ends that they are asserted to promote, well-established rules of
10 evidence permit trial judges to exclude evidence if its probative
11 value is outweighed by certain other factors such as unfair prejudice,
12 confusion of the issues, or potential to mislead the jury." Holmes v.
13 South Carolina, 126 S. Ct. at 1732 (citations omitted). Thus, "the
14 Constitution permits judges to exclude evidence that is repetitive . .
15 . , only marginally relevant or poses an undue risk of harassment,
16 prejudice or confusion of the issues." Id. (citations and internal
17 brackets and quotations omitted).

19     To determine whether the exclusion of evidence violated the
20 Constitution, the Court considers: (1) the probative value of the
21 excluded evidence on the central issue; (2) its reliability;
22 (3) whether it is capable of evaluation by the trier of fact;
23 (4) whether it is the sole evidence on the issue or merely cumulative;
24 and (5) whether it constitutes a major part of the attempted defense.
25 Chia v. Cambra, 360 F.3d at 1004 (citation omitted); Tinsley v. Borg,
26 895 F.2d 520, 530 (9th Cir. 1990), cert. denied, 498 U.S. 1091 (1991)
27 (citations omitted). The Court must give "due weight to the
28 substantial state interest in preserving orderly trials, in judicial

1  efficiency, and in excluding unreliable evidence." Chia v. Cambra,
2  360 F.3d at 1003-04 (citation, internal ellipses and quotations
3  omitted). Moreover, under the Brecht harmless error standard, the
4  exclusion of allegedly favorable evidence does not warrant habeas
5  relief unless the absence of the evidence had a "substantial and
6  injurious effect" upon the verdict. See Dillard v. Roe, 244 F.3d 758,
7  767 n.7 (9th Cir.), cert. denied, 534 U.S. 905 (2001).

9       Under these standards, the trial court's refusal to permit the
10 victim to testify regarding whether Petitioner "snapped" does not
11 merit habeas relief. In California, a lay witness' opinion "is not
12 generally admissible unless it is rationally based on the witness'
13 perception and helpful to a clear understanding of his or her
14 testimony." People v. Miron, 210 Cal. App. 3d 580, 583, 258 Cal.
15 Rptr. 494, 495 (1989) (citing California Evidence Code section 800).
16 The victim testified he was kneeling with his back to Petitioner and
17 was not paying attention to Petitioner before the first machete strike
18 to the victim's head (R.T. 361, 414-16). Thus, the victim would have
19 had little or no perception from which to infer Petitioner's state of
20 mind just prior to the attack. Further, the imprecise
21 characterization of Petitioner's state of mind as "snapped" would not
22 have been of much help to the jury. The characterization was neither
23 particularly probative, nor particularly reliable. Moreover, although
24 alleged "snapping" was a part of Petitioner's attempted defense, the
25 excluded evidence was somewhat cumulative. Petitioner's wife
26 testified Petitioner "just lost it" (R.T. 497). Petitioner testified
27 he "burst out of rage" (R.T. 528). Petitioner further testified he
28 was "consumed" with sudden anger (R.T. 549). A police officer

reported that, after the attack, Petitioner told the officer Petitioner had snapped (R.T. 559).

Finally, the absence of any evidence from the victim regarding "snapping" did not have a "substantial and injurious effect" on the verdict. The evidence of alleged provocation (rent/utilities disputes and name-calling) was relatively unpersuasive. By contrast, the evidence of premeditation was relatively compelling. Petitioner went down the street, unlocked the trunk of his car, took the machete out of the trunk, walked back to his brother and swung the machete at the brother multiple times while announcing Petitioner's murderous intentions (R.T. 529, 543, 361-62). Under the circumstances, a "snapped" characterization by the victim[3] would not have made any difference to the verdict.

### III. Petitioner's Claims of Ineffective Assistance of Counsel Do Not Merit Habeas Relief.

To establish ineffective assistance of counsel, Petitioner must prove: (1) counsel's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 688, 694, 697 (1984) ("Strickland"). A reasonable probability of a different result

---

[3] Although the matter is uncertain, the Court assumes, arguendo, that the victim would have testified to the "snapped" characterization if the trial court had not precluded cross-examination on the subject.

1  "is a probability sufficient to undermine confidence in the outcome."
2  Id. at 694. The court may reject the claim upon finding either that
3  counsel's performance was reasonable or the claimed error was not
4  prejudicial. Id. at 697; Rios v. Rocha, 299 F.3d 796, 805 (9th Cir.
5  2002) ("Failure to satisfy either prong of the Strickland test
6  obviates the need to consider the other.") (citation omitted).

8  Petitioner complains of counsel's failure to request CALJIC 8.73.
9  CALJIC 8.73 provides that "when the evidence shows the existence of
10 provocation that played a part in inducing the unlawful killing of a
11 human being, but also shows that such provocation was not such as to
12 reduce the homicide to manslaughter, and you find that the killing was
13 murder, you may consider the evidence of provocation for such bearing
14 as it may have on the question of whether the murder was of the first
15 or second degree."

17 Assuming, arguendo, counsel's failure to request CALJIC 8.73 was
18 unreasonable, Petitioner's claim cannot merit habeas relief because
19 there is no reasonable probability that the instruction would have
20 made a difference in the outcome of the trial. The trial court
21 properly instructed the jury regarding the definition of premeditation
22 (R.T. 599-601). Counsel argued (vehemently, though unsuccessfully)
23 that evidence of provocation negated premeditation (R.T. 659-63).
24 As previously indicated, the evidence of premeditation was relatively
25 compelling while the evidence of provocation was relatively weak. In
26 these circumstances, habeas relief is not warranted. See, e.g., Ervin
27 v. LaMarque, 2001 WL 1488612 *10 (N.D. Cal. Nov. 14, 2001); see also
28 People v. Rogers, 39 Cal. 4th 826, 880, 48 Cal. Rptr. 3d 1, 141 P.3d

1  135 (2006), cert. denied, 127 S. Ct. 2129 (2007) (omission of CALJIC
2  8.73 where manslaughter instruction is given "does not preclude the
3  defense from arguing that provocation played a role in preventing the
4  defendant from premeditating and deliberating; nor does it preclude
5  the jury from giving weight to any evidence of provocation in
6  determining whether premeditation existed"); see generally Weighall v.
7  Middle, 215 F.3d 1058, 1063 (9th Cir. 2000) (counsel's failure to
8  request jury instruction not prejudicial where the argument, evidence,
9  and general instructions all put before the jury the specific issue
10 that would have been addressed by the omitted instruction).

12     Petitioner also argues counsel should have requested an
13 instruction that provocation can result from a series of events that
14 occur over a considerable period of time. Again, the claim of
15 ineffective assistance of counsel fails for want of prejudice. As
16 previously noted, the trial court properly instructed the jury
17 regarding premeditation (R.T. 599-601). Petitioner's counsel argued
18 that a series of events (rent/utilities disputes) over a period of
19 months constituted sufficient provocation to negate premeditation
20 (R.T. 659-60). Not surprisingly, the jury rejected this argument.
21 There is no reasonable probability that a more specific jury
22 instruction would have changed the outcome.
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

**RECOMMENDATION**

For the foregoing reasons, IT IS RECOMMENDED that the Court issue an Order: (1) approving and adopting this Report and Recommendation; and (2) directing that Judgment be entered denying and dismissing the Petition with prejudice.

DATED: February 27, 2008.

```
              /s/
       CHARLES F. EICK
  UNITED STATES MAGISTRATE JUDGE
```

**NOTICE**

Reports and Recommendations are not appealable to the Court of Appeals, but may be subject to the right of any party to file objections as provided in the Local Rules Governing the Duties of Magistrate Judges and review by the District Judge whose initials appear in the docket number. No notice of appeal pursuant to the Federal Rules of Appellate Procedure should be filed until entry of the judgment of the District Court.